WITTER v. McCARTHY CO.

L. A. No. 67; February 2, 1896.

43 Pac. 969.

**Trusts—Ratification by Beneficiaries.**—In an Action to Quiet Title to an undivided interest in land, it appeared that defendant's grantor, as owner of a tract of land, after contracting to convey undivided interests in it to several persons, of whom plaintiff was one, and receiving part of the purchase price, by agreement with them dated March 1, 1888, conveyed the land to a trustee, a party to the agreement, with plenary power to sell and convey; that this agreement required the trustee to distribute the proceeds among the respective grantees in proportion to the interests held by each, deducting from the share of each the amount due from him on the purchase price, and pay the same to the grantor, less the amount of a mortgage which he had agreed to pay; that the trustee never sold the land, but, November 1, 1892, conveyed to each of the beneficiaries his undivided interest; that an interest of twenty-five fortieths was conveyed to the grantor, who recorded the deed thereof; that the grantor subsequently acquired an eight-fortieths interest conveyed to others by the trustee at the same time, and January 30, 1893, conveyed his entire interest (thirty-three fortieths) to defendant. There was no evidence that any of the parties to the agreement objected to the conveyances by the trustee, or that defendant did till filing its answer in this action, November 12, 1894. Held, that a finding that all the beneficiaries to the trust consented to and acquiesced in the conveyances by the trustee was warranted.

A Corporation is Charged With the Knowledge of Its President, acting as attorney in fact of one making an assignment to it.

APPEAL from Superior Court, Los Angeles County; Waldo M. York, Judge.

Action by W. E. Witter against the McCarthy Company to quiet title. From a judgment for plaintiff and an order denying a new trial defendant appeals. Affirmed.

McKeeby & Appel for appellant; Wicks & McDonald for respondent.

VANCLIEF, C.—Action to quiet the alleged title of plaintiff to an undivided two-fortieths part of a tract of land containing about one hundred and thirty acres, situate in the county of Los Angeles. The defendant, for want of information or belief, denied plaintiff's alleged title, and asserted title adverse to that claimed by plaintiff. The court below, without the intervention of a jury, found the facts and law in favor of plaintiff, and rendered its judgment accordingly. The defendant appeals from the judgment, and from an order denying its motion for a new trial.

The facts relative to the question of title are substantially as follows: Prior to March 1, 1888, Edward McCarthy was sole owner of said tract of land, subject to a mortgage for $15,000, but prior to that day had contracted to sell to each of a number of persons undivided portions thereof, and had received from them portions of the purchase money. The plaintiff was one of such contractors, to whom, on February 15, 1888, Edward McCarthy had contracted to sell two-fortieths of said tract for the price of $6,000, of which $1,500 was paid at the date of the contract, and the remainder was to be paid, $1,125 in three months, $1,125 in six months, $1,125 in nine months, and $1,125 in twelve months, from date of the contract. All parties interested desiring that the whole tract of one hundred and thirty acres be subdivided and sold in lots to suit purchasers, and that the proceeds in money be distributed in proportion to the undivided interests of the parties, it was agreed that Edward McCarthy should convey the whole tract to J. I. Weed in trust to make such sales and conveyances and to distribute the proceeds thereof according to the agreement. This agreement was reduced to writing and executed by the three parties thereto, on March 1, 1888, to wit, Edward McCarthy, of the first part; W. E. Witter, G. P. Lyman, L. A. Thompson and eight others (contractors for undivided interests), of the second part; and J. I. Weed, of the third part. The agreement confers upon the trustee plenary power "to grant, bargain, sell and convey all or any portion of said land for such price and upon such terms as he shall deem best," and, as to his duties, contains the following: "It is further agreed that the trustee aforesaid shall re-

ceive and collect all moneys for sales of the land aforesaid, and pay all taxes, commissions, expenses of sale, of all kinds, and improvements authorized by the parties of the second part, and shall on or before the first day of July, A. D. 1888, declare a dividend in favor of the second parties of any and all moneys in his hands, in proportion to the interests of the respective parties therein, as shown by the contracts with Edward McCarthy aforesaid, and shall, out of said dividends, pay to Edward McCarthy the amounts due or to become due to him from second parties on said contracts, and the balance, if any there be, to the respective parties entitled thereto; and, in case the dividend shall not equal the installment due on said contract, second parties shall pay the balance of said installments at the times provided therein, and said trustee shall declare dividends, and apply the proceeds in the same manner every three months thereafter until all the installments on said contracts have been paid, and all of said property shall have been disposed of. It is further understood and agreed that whereas there is now a mortgage on said property to the amount of $15,000, with interest at ten per cent from March 1, 1888, of which Edward McCarthy has assumed the payment, that in case it becomes necessary or expedient to change or renew said mortgage the trustee shall, and he is thereby authorized to, execute such mortgage in his own name, and the amounts received by said trustee from said second parties, or in their behalf applicable to the installments due to Edward McCarthy, shall be applied to the liquidation of said mortgage, and shall be credited on the contracts of Edward McCarthy to second parties in the proportions to which they are respectively entitled thereto. It is further understood and agreed that in case of the failure or refusal of second parties, or any of them, to make the payments to Edward McCarthy provided for in said contracts, so as to thereby forfeit their rights to the interest in said land as provided in said contracts, the said trustee shall pay to Edward McCarthy all the proceeds of the sales of said lands to which the holder of said contract would otherwise be entitled to receive, and second parties agree to hold said trustee harmless in carrying out this provision." Contemporaneously with the execution of this tripartite agreement, Edward McCarthy conveyed the legal title of said tract of land to J. I. Weed by deed absolute upon its face, the trust being expressed only in said agree-

ment. Weed never sold any part of said tract of land as con-
templated by the trust agreement, but on November 1, 1892,
four years and eight months after having accepted the trust,
he conveyed to each of the beneficiaries an undivided part
thereof equal to his beneficial interest in the whole. To plain-
tiff he thus conveyed two-fortieths, that being the interest
which plaintiff had contracted to purchase from Edward Mc-
Carthy as aforesaid, and for which he had fully paid accord-
ing to the terms of his said contract with Edward McCarthy,
and had also settled his proportion of the expenses of the trust
to the satisfaction of the trustee. To Edward McCarthy the
trustee conveyed on the same day (November 1, 1892) twenty-
five fortieths of the land. Afterward Edward McCarthy ac-
quired from other parties to the tripartite agreement eight-
fortieths which had been conveyed to them by the trustee on
November 1, 1892, as aforesaid. On January 30, 1893, Ed-
ward McCarthy, Charles McCarthy, Emeline McCarthy and
Mrs. L. E. Hensler executed a deed purporting to convey to
the defendant corporation the land in question and other
property, this being the only evidence of defendant's legal
title to the land. Yet defendant objected to this deed as be-
ing irrelevant, and claims nothing under it. It was relevant,
however, as tending to prove that Edward McCarthy con-
sented to and acquiesced in the aforesaid conveyances by the
trustee to the beneficiaries, and for this purpose it was, pre-
sumably, introduced by plaintiff.

The only grounds upon which appellant claims a reversal
of the judgment are that the conveyances of the land by the
trustee to the beneficiaries on November 1, 1892, were void
for the alleged reason that they were made without the consent
of all the beneficiaries, and that the finding by the court that
all the beneficiaries of the trust did consent to and acquiesce
in those conveyances is not justified by the evidence. The
finding of the court is that "said J. I. Weed, at the re-
quest of Edward McCarthy, grantor of defendant, and with
the consent of the other parties in interest, conveyed the entire
property to the respective parties in interest, and that such
conveyances were accepted by the various parties, and were
acquiesced in by the grantor of this defendant and all other
parties to said agreement [tripartite agreement] set out in
defendant's answer." The evidence tending to prove this
finding as applied to Edward McCarthy, grantor of defend-

ant, is (1) that he accepted and recorded a deed from Weed for twenty-five fortieths of the land on the same day (November 1, 1892) that deeds were made to all the other beneficiaries; (2) that he subsequently purchased the interests conveyed by Weed on the same day to two other beneficiaries, amounting to eight-fortieths of the land; (3) that thereafter, on January 30, 1893 (three months after the said conveyances by Weed), he conveyed all his interest in the land in question, then amounting to thirty-three fortieths, to the defendant corporation; and (4) there is no evidence or pretense that Edward McCarthy, or any one of the parties of the second part to the tripartite agreement, ever objected to any one of said conveyances by Weed of November 1, 1892, nor that the defendant corporation ever objected thereto before it filed its answer herein, on November 12, 1894—over two years after said conveyances were executed, and twenty-one months after it had accepted a conveyance of thirty-three fortieths of the land from Edward McCarthy, who claimed title under said Weed conveyances alone. I think this evidence, though merely circumstantial, is sufficient to justify the finding in question. Besides, it would not be consistent for the defendant to claim title to thirty-three fortieths of the land under or through the Weed conveyances, and at the same time to deny the title of plaintiff and others who claim the other seven-fortieths, from the same source. But, as before remarked, defendant professes to claim nothing in this action under the conveyance from Edward McCarthy of January 30, 1893, and therefore claims no title at all unless it was acquired from some other source, or in some other manner. There is no evidence, however, of any other title, legal or equitable, in the defendant, except an instrument purporting to be an assignment by Charles McCarthy, Minnie A. Austin, and Mrs. L. E. Hensler, by their attorney in fact, James P. McCarthy, to the defendant, of all moneys and property to which they (assignors) "may be entitled from the proceeds of the sales of the land described" in the tripartite agreement, and in the deed from Edward McCarthy to J. I. Weed, "which property was deeded to said J. I. Weed in trust for certain purposes in said agreement mentioned." Yet even this assignment bears no date, and there is nothing in the record indicating when it was executed. Edward McCarthy is named in the body of the instrument as one of the assignors, but he does not appear

to have signed it. Nor is there anything in the record indicating when the defendant was organized as a corporation. It is stipulated that, during all the transactions involved in this action, James P. McCarthy was the general attorney in fact for Edward McCarthy, Charles McCarthy, Mrs. L. E. Hensler, and Minnie A. Austin, and that he was president of the defendant corporation from its organization until the trial of this action. It is further stipulated that he expressly approved of the conveyances by Weed (of November 1, 1892) to plaintiffs Lyman and Thompson of the seven-fortieths not conveyed to Edward McCarthy. Therefore, at the time he executed said assignment for Charles McCarthy, Minnie A. Austin and Mrs. Hensler, he had actual notice of the conveyances by Weed to plaintiffs Lyman and Thompson of seven-fortieths of the land; and such notice to him was notice to said assignors for whom he acted as attorney in fact, and also notice to the defendant corporation (the assignee), of which he was then the president. It thus appears that at the time James P. McCarthy executed the assignment he was the agent of both parties thereto, and consequently both parties are chargeable with notice of all facts affecting or relating to the assignment then known to him, and, among them, the facts that, with his written approval, Weed had conveyed seven-fortieths of the land to plaintiffs Lyman and Thompson who had paid the stipulated purchase money therefor to Edward McCarthy, defendant's grantor, of all his interest in the land, which could have been only thirty-three fortieths. Moreover, the assignment does not purport to be an assignment of any interest in the land, nor of any specific interest in the tripartite agreement. It is merely a quitclaim of all right to moneys which the assignors "may be entitled to" from sales of the land, both parties to the assignment then knowing that seven-fortieths of the land had been conveyed to plaintiffs Lyman and Thompson, provided that the aforesaid conveyances by Weed were valid. Thus we are brought back to the questions first above stated and answered. It is unquestionable that the conveyances by Weed to the beneficiaries of the trust are valid if all the beneficiaries consented thereto at the time they were made, and thereafter acquiesced therein until the commencement of this action; and from the conclusion above arrived at, that the finding of such consent and acquiescence by the lower court is justified by the evidence, it neces-

sarily follows that the judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.