GEORGE W. HARDY *et al.* v. THE FIRST NATIONAL BANK OF NEWTON, KANSAS.

No. 7832.

1. NEGOTIABLE NOTE—*Indorsement without Recourse, Effect of.* L. and G. were the president and the cashier, respectively, of plaintiff bank, and part owners of the negotiable note sued on, which was taken in the name of S. by the procurement of L. and G., who had full knowledge of the transaction in which it was given. *Held,* That the indorsement of the note by S. without recourse did not operate to transfer it to the bank free from defenses existing as between the original parties to it.

2. ———— *Indorsement without Recourse—Title—Defenses.* B., the *bona fide* payee and holder of a negotiable note, indorsed it without recourse to the plaintiff bank, the president and the cashier of which had full knowledge of and some interest in the transaction in which the note was given. *Held,* That the indorsement of the note by B. operated to transfer it to the bank free from any defenses arising from the connection of the president and the cashier with the transaction.

*Error from Harvey District Court.*

THE action in the court below was brought by The First National Bank of Newton, Kansas, against George W. Hardy, James McKinstry, A. B. Gilbert,

Hiram Constant, F. E. Carr, W. T. Atkinson, and J. L. Penny, to recover judgment upon two promissory notes signed by the defendants, and also by S. Lehman and T. J. Templer, each dated May 13, 1887, and due six months after date, with interest at 8 per cent. per annum from date; one of them being for $2,000, payable to the order of M. L. Stewart, and indorsed by him without recourse, and the other being for $4,000, payable to the order of Frances L. Briggs, and indorsed by her without recourse. There was an indorsement of payment of $200 on the former by W. K. F. Vila, and $400 on the latter by W. K. F. Vila. Several defenses were set up in the answer, and it appears that the transaction resulting in the giving of the notes was the same as that which was the subject of controversy in *Constant v. Lehman,* 52 Kan. 227.

The defendants, having the burden of proof, introduced their evidence, but a demurrer thereto was sustained, and judgment was entered June 23, 1891, against the defendants, except A. B. Gilbert, for $4,784, it being stated in the decree that the balance of said notes had been paid by other parties, said sum being presumably six-tenths of the principal of said notes, and the interest accrued thereon. The $2,000 note was part of the $12,000 paid and to be paid for what was called the "Stewart forty," which was east of Newton, and the $4,000 note was part of the $16,000 consideration paid and to be paid for what was called the "Briggs forty," lying west of Newton. Frances L. Briggs owned the latter tract, but one W. C. Moore had obtained for $250 an option for its purchase at $15,000. But, although the Stewart 40 stood in the name of M. L. Stewart, yet in equity he owned a one-fourth interest only, and the remaining three-fourths belonged to Gilbert, Lehman and Hildreth in

equal shares. One of the defenses relied on was, in substance, that Gilbert and Lehman falsely pretended to the other makers of the notes and Vila that Stewart owned the 40-acre tract east of Newton, but that they would go in and form a syndicate of 10, each taking an equal interest in it, and also in the Briggs 40 ; and that they knew at the same time that Moore had an option for the purchase of the Briggs 40 for $15,000, for which the syndicate was to pay $16,000 ; and that they concealed all knowledge of their interest in the Stewart 40 and of the option of Moore in the Briggs 40. It was further claimed, that the other defendants resided at Hutchinson, and that they depended largely upon Lehman and Gilbert, who were president and cashier, respectively, of the plaintiff bank, and influential business men at Newton, to give correct information as to the prospects of the city, and the value of real estate in its vicinity ; that said land was not in fact worth more than $30 per acre ; and that said Lehman and Gilbert being such officers, the bank was not an indorsee and purchaser of the notes in good faith. Judgment for the plaintiff bank. The defendants bring the case here. The opinion was filed March 7, 1896.

*McKinstry & Fairchild*, for plaintiffs in error ; *Bowman & Bucher*, of counsel.

*Willard Kline*, and *Peters & Nicholson*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. : I. We will first consider the case as to the $2,000 note. It was alleged in the answer that M. L. Stewart was at the time the purchase was made a partner of Gilbert and Lehman in the tract called

the "Stewart 40"; that they had full power to dispose of it as they chose; that Stewart knew they were selling it to the defendants, and that they were pretending to become joint purchasers of said lands. It is contended on the part of the bank that Stewart was a *bona fide* owner and holder of the note, and that the bank by the indorsement obtained a good title to it, free from any defenses; but the evidence of Stewart shows that he had full knowledge of the fact that Gilbert was acting in a dual capacity as vendor and vendee of the property, which was a dishonest relation, unless all interested parties were fully apprised of it. In *Michoud v. Girod*, 4 How. (U. S.) 503, 555, Mr. Justice Wayne, delivering the opinion of the court, said that the law

"prohibits a party from purchasing on his own account that which his duty or trust requires him to sell on account of another, and from purchasing on account of another that which he sells on his own account. In effect, he is not allowed to unite the two opposite characters of buyer and seller, because his interests, when he is the seller or buyer on his own account, are directly conflicting with those of the person on whose account he buys or sells."

And this is a well-recognized principle, both at law and in equity. And as Lehman and Gilbert were the managing officers of the bank, and the owners of a one-half interest in the note, the bank was chargeable with notice of all equities between the original parties to it. (*Mann v. National Bank*, 30 Kan. 412, 420, 421, as modified in same case, 34 Kan. 746, 751, 752.) We therefore hold that the evidence should have been submitted to the jury as to this note.

II. The complaint as to the $4,000 note is that Lehman and Gilbert knew that Moore held an option for the purchase of the Briggs 40 at $15,000, which

was to be sold to the syndicate for $16,000, and that this was not disclosed. Moore testified that he made no secret of it about Newton, and it is doubtful whether a full knowledge of the fact would have made any difference in the action of the defendants. Certainly Lehman and Gilbert had nothing to gain by the profit which Moore might make out of the transaction, unless it was in obtaining his assistance in the selling of the Stewart 40 by putting both tracts in together; but, besides this, there is no suspicion of fraud attaching to Frances L. Briggs, the payee of this note. And even if we should treat Lehman and Gilbert as guilty of any fraud with reference to it, yet the bank might obtain a good title to the note by her indorsement, for it is well settled that "the purchaser of a negotiable instrument from a *bona-fide* holder for value acquires as good a title as the innocent holder had, and may recover thereon, although he may have had notice of infirmities in the note when he took it." (*Bodley v. National Bank*, 38 Kan. 59; *Porter v. Steel Co.*, 122 U. S. 267, 283; *Scotland County v. Hill*, 132 id. 107, 117.) In the absence of evidence to the contrary, it must be presumed that the indorsement was made before maturity, and that the bank is a *bona fide* holder for value. (*Rahm v. Bridge Manufactory*, 16 Kan. 530.)

The court below will be directed to modify its judgment by allowing $3,189.33 as of date June 23, 1891, on the $4,000 note, and the judgment will be reversed as to the amount allowed on the $2,000 note, and the case remanded for a new trial thereon, in accordance with the principles announced in this case and in that of *Constant v. Lehman*, 52 Kan. 227.

All the Justices concurring.