The plaintiff in error was the plaintiff below, and the defendant in error was the defendant. The parties will be designated herein as plaintiff and defendant as they appeared in the trial court.
The plaintiff brought action against the defendant seeking to recover the sum of $625, the value of a certain piano delivered by plaintiff to defendant and retained by defendant. The plaintiff alleges that he sold and delivered to defendant a certain piano which defendant paid for, but afterwards sought to exchange it for another and different piano, and that at the defendant's request a second piano was taken to and delivered at the defendant's residence, and the defendant afterwards refused to let the plaintiff carry away either piano, but has appropriated both to his own use, while having paid for only one of them. He alleges that the pianos were of equal value. He prays judgment for the sum of $625 as the value of the first piano delivered.
The defendant answered by a general and special denial; and filed a cross-petition against the plaintiff to the effect that he had bought from the plaintiff, through an agent, one J. F. Searcy, a new Exceltone piano in mahogany case, and as payment therefor he had delivered to the plaintiff's agent a second-hand piano at the agreed price of $250, a Victrola talking machine at an agreed price of $125; a certain promissory note owned by defendant at $200 face value, a check for $100 and another for $75, and the note was paid off by defendant in the sum of $244.45 principal and interest, and the checks were paid according to their face, a total agreed consideration of $750 besides the interest or the note; that the plaintiff had never delivered to defendant the piano purchased from the plaintiff's agent; that defendant did not purchase or agree to purchase either of the pianos delivered to his home, and held them subject to plaintiff's order, and had tendered them to plaintiff previous to the commencement of the action; and had demanded delivery of the piano he had purchased and paid for, or a return of his $750. In the cross-petition defendant renews his tender of the two pianos delivered at his home, and asks to rescind his contract of purchase of the new piano, and prays judgment against plaintiff for the $750 paid to plaintiff, with interest at 6 per cent. per annum from and after March 26, 1923.
The plaintiff answered the cross-petition to the effect that plaintiff, through his agent, Searcy, had sold and delivered defendant a piano, but not the kind alleged, and that the consideration paid did not amount to $750; that defendant had become dissatisfied with the piano delivered and that an agreement was made to exchange a mahogany piano for the one already delivered, and that the mahogany piano was delivered pursuant to the agreement to exchange and the defendant had both pianos. Plaintiff further answered the cross-petition by plea of estoppel to the effect that defendant accepted the mahogany piano in exchange for the one first delivered, and he should not now be permitted to rely upon the original agreement claimed to have been made with the plaintiff's agent Searcy, as all the agreements made were merged into the agreement to exchange pianos. In the answer to the cross-petition plaintiff prayed for the sum of $625 or for a return of either of the pianos delivered to the defendant. *Page 202 
Defendant replied to the answer to defendant's cross-petition by general denial.
The case was called for trial on the 25th of October, 1923, and the plaintiff filed a motion and affidavit for continuance because J. F. Searcy, who acted as plaintiff's agent in the piano transaction, could not be present in court at the time of calling the case for trial. The motion to continue was overruled and exceptions allowed, and the trial proceeded. A jury was empaneled and the cause submitted to the jury resulting in a verdict for the defendant in the sum of $750, with interest as prayed for in the cross-petition, on which verdict judgment was entered. From the judgment the plaintiff prosecutes appeal. He presents argument upon his assignments of error under the following:
(1) The court erred in refusing requested instructions.
(2) The court erred in not submitting the question of the authority of Searcy as plaintiff's agent, to the jury for its consideration.
(3) The verdict is not sustained by sufficient evidence, and is contrary to the law
The plaintiff complains that the court refused to give a requested instruction which is, in effect, a direction to return a verdict for the plaintiff. The requested instruction would have the effect of advising the jury that the defendant had no right to retain possession of both pianos delivered at his home and that their verdict should be for the plaintiff for the value of one of the pianos. This requested instruction was refused. The refusal to give this instruction was not error. The defendant alleged in his pleading that he had tendered to the plaintiff the two pianos and had demanded the pianos which he contends he had bought, or a return of the consideration which he had paid. Such tender is made in the pleading; and again in the defendant's testimony he tenders to the plaintiff the two pianos. There was certainly enough in the testimony to make it a question of fact for the jury to determine whether or not the defendant had kept either one or both of the pianos against the will of the plaintiff. That being so, the plaintiff was not entitled to a directed verdict upon that point.
The plaintiff complains that the court erred in not submitting to the jury the question of whether or not plaintiff's agent, J. F. Searcy, was acting within the scope of his authority in making the piano deal which the defendant claims was made. The defendant alleged that the transaction was had with J. F. Searcy, who was the plaintiff's salesman. The plaintiff's answer to the defendant's cross-petition nowhere puts in issue the authority of J. F. Searcy to make the sale of a new piano to defendant, but admits that Searcy was acting as plaintiff's agent. There is no denial in either pleadings or evidence that Searcy was acting within the apparent scope of his authority as agent of the plaintiff. The defendant testified to the effect that he made a deal with Searcy as agent for plaintiff, in which defendant bought a new piano in mahogany finish, and paid therefor to such agent money and property of the value of $750. It seems that the particular property which defendant turned over to the plaintiff's agent had never reached the plaintiff, but it is in no way denied that the proceeds were turned over to plaintiff and accepted and used by him. There is neither pleading nor evidence in the record which appears to present any issue of fact as to whether or not the agent was acting, in his dealings with the defendant, within the apparent scope of his authority. That being so, there was no issue of fact as to whether or not the plaintiff's agent was acting within the apparent scope of his authority to be submitted to the jury. Both the plaintiff and his wife testified that Mr. Searcy was employed by them to sell pianos.
The plaintiff complains that the verdict and judgment are not supported by sufficient evidence. The defendant's evidence in support of his cross-petition tended to show that he had purchased from the plaintiff, through his agent, J. F. Searcy, a new Exceltone piano in mahogany case, and had paid therefor money or its equivalent amounting to $750; that the plaintiff had not complied with the contract and had failed to deliver to defendant the new piano, although he had made repeated requests upon the plaintiff to deliver it; that a part of the consideration for the new piano was a promissory note of the face value of $200 which defendant indorsed and became responsible for, and that this note was placed in a bank but was not paid by the maker. Defendant's attention was called to it and it seems that defendant agreed to pay off the note if plaintiff would furnish him the piano which he had bought. Defendant paid off the note, principal, and interest, and still the plaintiff failed and refused to deliver the new piano. Plaintiff contends, and his evidence tends to show, that the defendant had bought the first piano delivered and had become dissatisfied with it, and an agreement was made to make an exchange, and pursuant thereto the second *Page 203 
piano was delivered at the defendant's home. The defendant's evidence is to the effect that the first piano was delivered for his family's use until the new piano should be delivered, and the plaintiff delivered a second one, a second-hand piano, to comply with the original agreement; but defendant refused to accept it, in lieu of the new piano he had bought and paid for, and so notified the plaintiff. These conflicting theories were submitted to the jury by appropriate instructions and the jury by its verdict resolved the conflicting evidence in favor of the defendant. The jury evidently concluded that the defendant was entitled to a return of his money from plaintiff when the plaintiff failed and refused to furnish the piano which defendant had bought and paid for. The conclusion reached by the jury as expressed in the verdict is amply supported by the record. Where conflicting theories, reasonably supported by competent evidence, are submitted to the jury by appropriate instructions, and the jury reaches a verdict in favor of one theory presented, the appellate court has no right to disregard the verdict, but is bound thereby. The plaintiff contends that the verdict and judgment are contrary to the law, but such contention is not supported by the record. The verdict returned is supported by the evidence and in response to appropriate instructions, and it cannot be said that the verdict is in any sense contrary to the law. No error appears in the record requiring a reversal of the judgment.
We recommend that the judgment be affirmed.
The defendant in error in his brief moves for judgment on the supersedeas bond in the event the judgment is affirmed. It appears from the record that the case was tried on the 26th day of October, 1923, and a verdict of the jury was returned for defendant in the sum of $750, with interest at 6% per annum from and after the 26th of March, 1923, and a judgment was entered in defendant's favor and against the plaintiff in accordance therewith; that the plaintiff prosecuted appeal to the Supreme Court, superseding the judgment of the district court by giving a supersedeas bond in the sum of $1,600 with one W. D. Black as surety on such supersedeas bond. It further appears that the defendant is now entitled to judgment on the said supersedeas bond.
It is, therefore, by the Supreme Court, considered, ordered and adjudged, that the defendant in error, O. R. Jeter, do have and recover of and from W. D. Black, surety on the plaintiff in error's supersedeas bond, the sum of $750, with interest at 6% per annum from and after the 26th of March, 1923, together with costs; for all of which let execution issue.
By the Court: It is so ordered.