## TINLEY v. AMMERMAN.

No. 20131. Opinion Filed July 7, 1931.

R. W. Skipper, for plaintiff in error.

Green & Farmer, for defendant in error.

HEFNER, J. This is an action brought in the court of common pleas of Tulsa county by Nellie Tinley against H. E. Ammerman, to recover on a promissory note. The note was originally executed to Lee M. Smith, and was by him, before maturity, sold and transferred by indorsement to the Smith Motor Company. The company, after maturity, transferred the note to plaintiff. The defense was failure of consideration, and that plaintiff was not 'a holder in due course. The trial was to the court, resulting in a judgment in favor of defendant.

Plaintiff urges that the trial court erred in admitting incompetent evidence to prove failure of consideration. This question appears to have been raised in this court for the first time. No objection was made to the introduction of the evidence, nor is any mention thereof made in the motion for a new trial. Under these conditions, we are not required to consider this assignment.

Plaintiff further contends that there is a total lack of evidence establishing that plaintiff was not a holder in due course. The original payee of the note, Lee Smith, was president of the Smith Motor Company, the original transferee of the note. The note was in the sum of $500. Smith was at the time indebted to the corporation. The note was transferred by him to the corporation to apply upon his indebtedness. In these circumstances, if the note was without consideration, and under the record we must assume that it was, Smith's knowledge thereof must be imputed to the corporation. Plaintiff contends that the corporation is not chargeable with notice of the failure of consideration of the note, for the reason that Smith was acting in his private capacity and not as president of the corporation in acquiring the note, and, in support of this contention, cites 8 Corpus Juris, 524. It is there said:

"Knowledge acquired by an officer while acting in his private capacity, and not for or on behalf of the corporation, and which he never communicated to any officer or official of the corporation, is not notice to the latter."

This is no doubt the general rule, but the rule does not here apply for the reason that Smith was acting for the corporation in accepting the note. He was the president of the company, accepted the note for the company, and reduced his indebtedness to the company to the amount of the note.

In Gates v. Gregory (Wash.) 157 Pac. 470, the court said:

"The rule here applicable is that where an agent or officer of a corporation, in an

216

individual transaction of his own with a third party, induces the giving of a note from such third party by fraud, and subsequently transfers the note to the corporation of which he is an agent or officer, acting in the transfer to the corporation both for himself and the corporation, then the corporation is charged constructively with knowledge of the fraud, and since it acts through that officer alone, his knowledge must be imputed to it. The principal is regarded as acting with knowledge of a fraudulent act when represented solely by an agent who possesses such knowledge. Atlantic Cotton Mills v. Indian Orchard Mills, 147 Mass. 268, 17 N. E. 496, 9 Am. St. Rep. 698; Millward-Cliff Cracker Co.'s Estate, 161 Pa. 157, 28 Atl. 1072; First National Bank v. New Milford, 36 Conn. 93; Holden v. New York & Erie Bank, 72 N. Y. 286; 3 Clark & Marshall, Private Corp., p. 2214."

See, also, Ladd v. Read (Kan.) 217 Pac. 273; Hardy v. Nat. Bank (Kan.) 43 Pac. 1125; Underwood v. Fosha (Kan.) 150 Pac. 571; Brobston v. Penniman (Ga.) 25 S. E. 350; Witter v. McCarthy Co. (Cal.) 43 Pac. 969; First Nat. Bank v. Burns (Ohio) 103 N. E. 93. Under these authorities, the motor company was chargeable with the knowledge of Smith, and cannot claim as an innocent purchaser.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.