CARNINO et al. v. SIMON et al.

No. 33758.    June 20, 1950.

*219 P. 2d 1018.*

Wm. T. Powell and Funston Flanagan, both of Walters, for plaintiffs in error.

Luther B. Eubanks, County Atty., Cotton County, of Walters, for defendants in error.

LUTTRELL, J. This action was brought by Olive Carnino and others, claiming to be the heirs of Ira Johnson, deceased, against Joe Simon, Nell Orth and Vivian Phillips, trustees of School District No. 96, Cotton county, and others, to determine the heirship of Ira Johnson, deceased, and to quiet their title to a small tract of land in Cotton county against School District No. 96 and the trustees thereof. The trustees claimed under a deed made by Ira Johnson in his lifetime to School District No. 96. The trial court determined heirship, but refused to quiet the title of plaintiffs against the school district. Plaintiffs appeal.

Plaintiffs in their petition alleged the making of the deed by Ira Johnson to School District No. 96 in 1903, but alleged that the school district, by failing to hold school on the premises for several years, had broken the condition subsequent contained in the deed so that the land conveyed had reverted to plaintiffs, and that therefore they were entitled to have their title in said premises quieted against the school district. The deed was introduced in evidence.

It is a warranty deed in usual form, except that immediately after the description of the land conveyed appears the following:

"To Have and To Hold the same, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, forever, so long as it may be used for School District No. 96."

From the evidence it appears that for several years preceding the filing of this action no school had been held in the schoolhouse erected by District No. 96 upon the land conveyed by the deed, although the school district contained sufficient children of school age to legally entitle the district to hold school within the district. The evidence is that in each of these years the residents of the district had transferred the children to the Walters district; that this was done yearly, but that no permanent transfer of the children to the Walters district had been voted. Although the district did not actually hold school in the schoolhouse, the schoolhouse had not been abandoned, but was used for board meetings, and meetings for the election of trustees, and was also used as a meeting place by a women's club organized among the women of the district. The witnesses testified that at any annual meeting to vote for the transfer of pupils the residents might vote against such transfer, in which event school might again be held in the schoolhouse. All this testimony was given by witnesses for the plaintiffs, and was not in any way disputed or contradicted.

Plaintiffs contend that the clause above quoted contained in the deed is of somewhat vague meaning, and that following the rule announced in White v. Wester, 170 Okla. 250, 39 P. 2d 22, the cardinal rule of interpretation is the true intent or purpose of the maker, to be gathered from the instrument itself, viewing it in the light of the circumstances surrounding the maker at the time of its execution. They say the true intent of the grantor undoubtedly was that the land should belong to the school district so long as it was used for school purposes, which meant for so long as school was held on the premises.

Defendants say that the language of the deed is plain and unequivocal; that the evidence shows that some use is being made of the property by the school district, and that therefore the school district has not abandoned or forfeited the property.

We are unable to agree with the contention of plaintiffs as set forth above. The language contained in the deed, "so long as it may be used for School District No. 96" is, in our opinion, plain and unambiguous, and we may not, under the guise of interpretation, read

236

into it something which the grantor did not place therein.

In Jennings v. Amerada Petroleum Corp., 179 Okla. 561, 66 P. 2d 1069, we said:

"A deed should be interpreted and the meaning of the parties thereto ascertained in the same manner as govern other written contracts."

In Goble v. Bell Oil & Gas Co., 97 Okla. 261, 223 P. 371, we said:

"If the written contract by its terms is clear and unambiguous, and appears to cover the entire subject-matter of the contract, the court will not import independent terms and provisions, disconnected and unnecessary to give effect to the expressed terms as shown by the written contract."

These decisions and many others by this court give effect to 15 O.S. 1941 §154, which provides that the language of a contract is to govern its interpretation "if the language is clear and explicit and does not involve an absurdity", and numerous decisions similar to the ones above cited are found in 15 O.S.A. in the notes under section 154.

By the plain and unambiguous language of the deed the land conveyed was to remain the property of the school district as long as it was used by the school district, and such use was not restricted or limited to the holding of school on the premises. Under the decisions above set forth the courts are not permitted to read into the deed restrictions or limitations upon the use to be made of the land by the school district which are not set forth in the deed itself. The trial court correctly held that the school district had not forfeited its rights to the land by a temporary discontinuance of the actual holding of school in the schoolhouse erected thereon.

Affirmed.

ARNOLD, V. C. J., and CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.