SMART et al. v. BASSLER.

No. 12787—Opinion Filed Feb. 5, 1924.

(Syllabus.)

1. Deeds—Construction as a Whole.

In earlier decisions much importance was attached to the language used in the different clauses of a deed, but the modern tendency is to ignore the technical distinctions between the various clauses and to ascertain, if possible, the intention of the grantor from the entire instrument without undue preference to any part.

2. Same—Conveyance of Life Estate.

While it appears from the entire instrument that the grantor intended to convey a life estate and reserved to herself the fee, this manifest intention of the grantor will prevail regardless of inconsistent clauses in the deed.

3. Evidence—Extrinsic Evidence to Explain Contract.

When the language of a contract is plain and unambiguous, extrinsic evidence as to its meaning is inadmissible.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by C. S. Bassler against Virgil Smart and others. Judgment for plaintiff, and defendants bring error. Affirmed.

C. C. Suman, for plaintiffs in error.

Freeman E. Miller, for defendant in error.

COCHRAN, J. This action was brought by the defendant in error to quiet his title to a lot in Stillwater, Okla. Judgment was rendered for the plaintiff on the pleadings, from which the defendants appeal. The principal controversy involved in this suit is the construction to be given to the following deed:

"Warranty Deed.

"Know All Men by These Presents, That Sarah Smart, a widow, of the county of Payne, state of Okla., party of the first part, in consideration of the sum of one dollar in hand paid, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell and convey unto William Smart during his natural life, party of the second part, the following described property and premises situated in Payne county, state of Oklahoma, to wit:

"Lot one (1) in block one (1) in North Stillwater addition to the city of Stillwater.

"Together with all improvements thereon and appurtenances thereunto belonging, and warrant the title to the same.

"To Have and to Hold Said Described Premises Unto Said Party of the Second Part, His Heirs and Assigns Forever, free, clear and discharged from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature, it being the intention of the said grantor that said described premises shall be the home of said grantee during his natural life and that he be not permitted to mortgage or incumber the same.

"Signed and delivered this 20th day of March, 1908. * * * "

Both parties contend that this deed conveyed to William Smart a life estate in the property, but the plaintiff contends that nothing but a life estate was conveyed by the deed, the fee remaining in Sarah Smart, and upon her death was inherited by her heirs. The defendants contend that

the deed conveyed a life estate to William Smart and the remainder to the heirs of William Smart, and the defendants as heirs of William Smart are asserting title to the property. It appears that the granting clause of the deed attempts to convey only a life estate to William Smart, but the confusion arises by reason of the following in the habendum clause: "To have and to hold said described premises unto said party of the second part, his heirs and assigns forever." In the earlier decisions, much importance was attached to the language used in the different clauses of a deed, but the modern tendency is to ignore the technical distinctions between the various clauses and to ascertain, if possible, the intention of the grantor from the entire instrument without undue preference to any part. Whetstone v. Hunt, 78 Ark. 230, 8 Ann. Cas. 443; Keppler v. Larson, 131 Iowa, 738, 7 L. R. A. (N. S.) 1109; Triplett v. Williams, 149 N. C. 394, 24 L. R. A. (N. S.) 514. This modern rule has been adopted by this court in Barker v. Campbell- Ratcliff Land Co., 64 Okla. 249, 167 Pac. 468, in which the court said:

"Another cardinal rule of construction is that the grant must be construed to effect the plain intention of the grantor, and if that intention is plain it controls, regardless of inconsistent clauses which are to be reconciled by the intent deduced from the entire instrument." (See, also, Ramey v. Stephney, 70 Oklahoma, 173 Pac. 72.)

An examination of this entire instrument convinces us that it was the intention of the grantor to convey only a life estate, as that portion of the habendum clause which we have quoted above is followed by the following condition: "It being the intention of the said grantor that said described premises shall be the home of said grantee during his natural life, and that he be not permitted to mortgage or incumber the same." This language, considered in connection with the granting clause leaves no doubt in our mind that the grantor intended to convey only a life estate and reserved to herself the fee.

The plaintiffs in error next contend that the answer filed by them pleaded that it was the intention of the grantor that William Smart should have a life estate in this property, and the remainder should go to the children of William Smart; that these allegations of the intention of Sarah Smart presented an issue of fact and it was therefore error to render judgment on the pleadings. In this case the rights of the respective parties depend upon the construction to be given to the deed. The deed was attached to the pleading and was a part

thereof and as we have concluded that the intention of the grantor is manifest from the face of the instrument, there was no question of fact involved, but it was the duty of the court to construe the instrument. Strange v. Hicks, 78 Okla. 1, 188 Pac. 347; Romans v. Shannon, 80 Okla. 199, 195 Pac. 298. In Delk v. City National Bank of Duncan, 85 Okla. 238, 205 Pac. 753, it is said:

"When the language of a contract is plain and unambiguous, extrinsic evidence as to its meaning is inadmissible."

In Crosbie v. National Bank of Commerce, 86 Okla. 174, 207 Pac. 311, the court said:

"Under Revised Laws 1910, section 948, 954, the language of a contract is to govern its interpretation, and the words are to be understood in their ordinary and popular sense, unless a special meaning is given to them by usage, in which case the latter is followed."

It is next insisted that the provision in the deed "that he be not permitted to mortgage or incumber the same," prevented William Smart from conveying this property during his lifetime, and as he executed a deed to the property, such conveyance constituted an incumbrance and was void. There is no merit in this contention, because upon the death of Sarah Smart, William Smart inherited a one-third in the fee, and the other heirs of Sarah Smart conveyed their interest in the fee to William Smart; the life estate and fee were, therefore, merged in William Smart, who thereupon sold the property. Conceding that William Smart had no right to convey or incumber the life estate to him by the deed from Sarah Smart, there was no restriction on his right to convey the fee, which he thereafter acquired, and his conveyance thereof would become absolute upon his death, even though the conveyance of the life estate was prohibited by the deed. It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and NICHOLSON, MASON, and LYDICK, JJ., concur.