## ROGERS et al. v. KINNEY et al.

No. 17009—Opinion Filed Sept. 28, 1926.

Rehearing Denied Nov. 30, 1926.

(Syllabus.)

### Deeds—Construction—Parol Evidence.

A court of equity will look at the real object of a deed and the intention of the parties. and will compel the fulfillment of both, and, if possible, the intention of the grantor will be gathered from the whole instrument. If the intention of the parties to the deed is plain, parol evidence is not admissible to prove an intention different from the terms of the deed, but where a deed possesses an element of uncertainty, parol evidence, the admission of the parties, and other extraneous circumstances may be proved to ascertain its true meaning.

Error from District Court, Creek County; C. H. Baskin, Assigned Judge.

Action by Robert Rogers and others against George W. Kinney and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Van H. Albertson and T. L. Blakemore, for plaintiffs in error.

Stuart, Sharp, Cruce & Coakley, E. J. Doerner, Paul P. Pinkerton, and M. W. Eddleman, for defendants in error George W. Kinney and Chas. Page.

Conn Linn, for defendant in error March Oil Company.

James B. Diggs, William C. Liedtke, and Redmond S. Cole, for defendant in error Gypsy Oil Company.

PHELPS, J. Cheparn Rogers inherited from his deceased wife an undivided 9-48ths interest in the land constituting the subject-matter of this controversy. On September 28. 1908, he conveyed to Charles Page, by quitclaim deed, a certain interest in the land. the recitation in the deed being:

"Do hereby grant, bargain, sell, quitclaim and convey unto Charles Page, all my undivided three twenty-fourths (3-24ths) interest in the following described real property and premises, situated in Creek county, state of Oklahoma, to wit:" (Here follows a description of the land).

On the same day said Cheparn Rogers, together with the owners of the remaining undivided interest in the land, who had also conveyed their interest therein to Page. all of them being full-blood Creek Indians, made application to the county court of Creek county praying for an order of that court approving such deeds, reciting in such application that they had conveyed "to said Charles Page all of their right, title and interest in and to" said land. Upon the hearing of this application the county court entered its order finding that the grantors had conveyed "to said Charles Page all of their right, title and interest in and to" the land in question. Page and his grantees and assignees have remained in possession of the land uninterruptedly since that time. In 1910 Cheparn Rogers died. On January 26, 1924, plaintiffs in error, claiming to be heirs at law of Cheparn Rogers, filed their action in the district court of Creek county. claiming a 1-16th interest in the land_in question and praying that their title thereto be quieted, it being their contention that Cheparn Rogers inherited from his deceased wife an undivided 9-48ths interest in the land and that his deed to Page conveyed only a 3-24ths interest, and that they. as heirs of Cheparn Rogers, inherited from him the

1-16th interest, this being the difference between the amount he inherited from his deceased wife and the amount he conveyed to Page. Defendants claim that, notwithstanding the fact that the deed to Page recited that it conveyed a 3-24ths interest in the land, it in fact conveyed Rogers' entire 9-4ths interest therein. With the issues thus joined the cause went to trial, resulting in judgment for the defendants, to reverse which this appeal is prosecuted.

The sole question to be determined here is whether the deed from Rogers to Page conveyed all the interest that Rogers had in the land. or whether it conveyed an undivided 3-24th interest and Rogers retained a 1-16th interest. The whole case, therefore, turns on the force and effect of the deed.

It is 'contended by plaintiffs in error that the deed conveying "all my undivided three twenty-fourths (3-24th) interest" is plain and unambiguous upon its face, and needs no construction or interpretation and that the court erred in allowing defendants to introduce evidence explaining the intent of the parties when the conveyance was made. citing Romans v. Shannon, 80 Ok'a. 199, 195 Pac. 298, holding that:

"The language used in a contract is to govern its interpretation, and, if such language is clearly explicit and does not involve uncerta'nty, the words used are to be understood in their ordinary and proper sense, and when the language is plain and unambiguous, extrinsic evidence as to its meaning is not admissible."

Counsel also cite Strange v. Hicks, 78 Okla. 1, 188 Pac. 347, where this language is used:

"The paramount rule for the construction of a contract is to ascertain the intent of the parties at the time the contract was entered into and to give effect to same if it can be done consistent with legal principles. If the language of a contract is such as to clearly show the intent of the parties, then there is no need to apply any technical rules of construction, 'or where there is no doubt, there is no room for construction."

They also cite Wolf v. Blackwell Oil Co., 77 Okla. 81, 186 Pac. 484, holding that:

"The language of a contract is to govern its interpretation, if the language is clear and explicit and does not involve an absurdity, and the whole of such contract is to be taken together so as to give effect to every part, if reasonably practicable. each clause helping to interpret the others. and the words to be understood in their ordinary and popular sense, unless used by the parties in a technical sense."

There is no doubt as to the correctness of this rule, the question here being as to its

proper application to the facts as disclosed by this record. It is contended by plaintiffs in error that the deed in question was p.a.n and unambiguous in its terms and, the.e-fore, the court erred in admitting extrinsic evidence to explain its terms. Upon the other hand, it is claimed by defendants that if it had been the intention of Rogers to convey only a 3-24ths interest and retain a 1-16th interest, the deed would have so re-cited that fact, instead of reciting that the grantor conveyed "all my undivided three twenty-fourths (3-24ths) interest," and that in view of the fact that the language of the deed leaves a doubt as to whether the grantor intended to reconvey all of his undivided in-terest in the land, or whether he merely in-tended to convey a 3-24ths interest and still retain a sixteenth interest, that the trial court properly adm'tted the evidence to show the intention of the parties.

We concede that the question between the admissibility and the inadmissib:lity of the evidence, based upon the deed in this case, is a very close one, but, after considering all the facts, the trial court saw fit to admit the evidence, and we cannot say. after care-fully examining the record, that it commit-ted error in so doing.

The following rule is laid down in 22 C. J. page 1192:

"A latent ambiguity arises when the writing upon its face appears clear and un-ambiguous, but there is some collateral mat-ter which makes the meaning uncertain; and it is so well established as to be beyond all possible dispute that parol or other ex-trinsic evidence is always admissible to ex-plain a latent ambiguity in any written in-strument."

It seems clear that the language of the deed comes within this rule, for the recita-tion that it conveys "all my undivided three twenty-fourths (3-24ths) interest" would lead one to the conclusion that the grantor there-by intended to convey all the interest he had, and if the grantor did so intend, the equity powers of the court may be invoked to en-force such intention.

Then, if the evidence was properly admit-ted, there is no question but that after such evidence was admitted, the court reached the proper conclusion based thereon. One witness testified that he was present at the time the parties were discussing the trans-action and some question was raised as to the validity of the deed which conveyed less than the whole interest, unless the deed recited the specific interest so conveyed, which discussion resulted in writing into the blank deed the 3-24ths interest instead of

having the deed recite that it conveyed all of grantor's undivided interest without spe-cifically mentioning what the undivided in-terest amounted to. Another witness testi-fied that it was the intention of the grantor to convey and the intention of the grantee to purchase all the interest and estate which the grantor had in the land in question. This evidence is not contradicted or disput-ed.

In Peters v. McLaren, 218 Fed. 410, it is said:

"A court of equity looks at the real ob-ject of a deed and the intention of the par-ties and will compel the fulfillment of both. Hughes v. Edwards, 9 Wheat. 489, 494, 6 L. Ed. 142. If possible, their intention will be gathered from the whole instrument. Mar-tin v. Jones, 62 Ohio St. 519, 525, 57 N. E. 238; Williams v. Paine, 159 U. S. 55, 76, 18 Sup. Ct. 279, 42 L. Ed. 658. If their inten-tion is plain, parol evidence is not admissible to prove an intention different from the terms of the deed. Lessee of Barton v. Heirs of Morris, 15 Ohio, 408, 424; Hubbird v. Goin, 137 Fed. 822, 70 C. C. A. 320 (C. C. A. 8). But when a deed possesses an ele-ment of uncertainty, parol evidence, the ad-missions of the parties, and other extraneous circumstances, may be proved to ascertain its true meaning. McAfferty v. Conover, 7 Ohio St. 99, 104, 70 Am. Dec. 57; Reed v. Proprietors, etc., 8 How. 274, 288, 289, 12 L. Ed. 1077; Gill v. Fletcher, 74 Ohio St. 295. 304, 78 N. E. 433, 113 Am. St. Rep. 962."

In Ramey v. Stephney, 70 Okla. 87, 173 Pac. 72, it is said:

"A cardinal rule of construction is that a grant must be construed to effect the plain intent of the grantor, and if that intent is plain it controls, regardless of inconsistent clauses which are to be reconciled with the intent deduced from the entire instrument."

And in Smart v. Bassler, 101 Okla. 39, 223 Pac. 352, this court said:

"In the early decisions much importance was attached to the language used in the different clauses of a deed, but the modern tendency is to ignore the technical distinc-tions between various clauses and to ascer-tain, if possible, the intention of the grantor from the entire instrument without undue preference to any part."

In this connection it may properly be ob-served that the acts, declarations, and con-duct of the parties at the time of the ex-ecution of the deed and subsequent thereto before any controversy had arisen over the meaning of certain clauses of the deed may be considered in determining what the in-tention of the parties was.

In Rider v. Morgan, 31 Okla. 98, 119 Pac. 958, this court said:

"It is a well-settled rule that where the meaning of the terms used in a written contract are not clear, the subsequent acts of the parties showing the construction they have put upon the agreement themselves, are to be looked to by the court."

We conclude, therefore, that it was the intention of grantor to convey his entire interest by the deed in question, and that the trial court committed no error in so finding. and its judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HARRISON, HUNT, and RILEY, JJ., concur.

Note.—See 18 C. J. p. 252, §198; p. 256, §203; 22 C. J. p. 1180, §1573; pp. 1182, 1183, §1581; 8 R. C. L. pp. 1035-1041; 2 R. C. L. Supp. p. 710; 4 R. C. L. Supp. p. 587; 5 R. C. L. Supp. p. 492.