PURCELL et al. v. THAXTON et al.

No. 33205. Jan. 17, 1950.

Rehearing Denied March 28, 1950.

Second Petition for Rehearing Denied April 11, 1950.

*216 P. 2d 574.*

Brown & Verity and James R. Eagleton, all of Oklahoma City, for plaintiffs in error.

Robinson, Shipp & Robertson, of Oklahoma City, for defendants in error.

George Bowen, James C. Denton, Floyd Rheam, and Jack Langford, all of Tulsa, amici curiae.

LUTTRELL, J. This action was brought by plaintiffs, J. M. Thaxton and Lonie Thaxton, against the defendants, Bert A. Purcell, Fred A. Purcell, and J. W. Garr, seeking to construe a deed to lands in Oklahoma county, made by defendant Bert A. Purcell, which they alleged conveyed to them an undivided 6/16 interest in the oil, gas and other minerals under the land. They alleged that the deed was ambiguous, and that the defendants were

asserting title to some portion of the oil, gas and other minerals conveyed to them thereby. The trial court overruled defendants' demurrer to the petition, motion for judgment on the pleadings, demurrer to the evidence and motion for new trial. The answer of the defendants denied that the deed was ambiguous, and asserted that it did not convey 6/16 of all the minerals under said land, but conveyed only 6/16 of 1/8 of said minerals. The trial court permitted the introduction of parol evidence as to the amount of mineral interest which the plaintiffs intended to purchase, and the defendant Bert A. Purcell intended to convey by said deed, and rendered judgment for plaintiffs, quieting their title as against the claims of defendants to an undivided 6/16 of the oil, gas and other minerals. Defendants appeal.

The decisive question presented is whether the deed, so far as it purported to convey an interest in the minerals, is ambiguous so that the trial court was justified in permitting the introduction of parol evidence in order to determine the amount of the interest conveyed.

. The warranty deed by Purcell to the plaintiffs, in so far as it purports to describe the property and interest conveyed, reads as follows:

"All surface rights in and to the Northwest quarter of the North-east quarter, of Section Twenty-nine, Township Fourteen, North, Range Two, West of the I. M., and

"An undivided six-sixteenth (6/16) interest in one-eighth (1-8) of all oil, gas, and or other minerals, in, under, and, or produced from the said Northwest Quarter of the North-east quarter, of Section twenty nine, township Fourteen, North, Range Two, West of the I. M., all as shown by the government survey. (It is understood the first party owns one-eighth of the minerals in and under the above premises and *and* this instruments conveys to second party 6/16 of the one-eighth mineral royalty, and the fee title to the surface rights)"

The deed recited that the land was subject to an oil and gas mining lease then of record.

Defendants contend that the deed is not ambiguous, for the reason that the first part of the description correctly conveys to plaintiffs an undivided 6/16 interest in 1/8 of all the oil, gas and other minerals, which is plainly 3/64 of the mineral rights. They say that the second clause in parenthesis means exactly the same thing as the preceding clause, and that the word "royalty" as used in the parenthetical clause is used in its broad sense to denote minerals and mineral rights.

Plaintiffs contend that the parenthetical clause, when considered together with the preceding sentence, renders the instrument, in so far as it attempts to convey an interest in the minerals, ambiguous in that in the first sentence it refers to mineral rights, and in the ·second or parenthetical sentence attempts to explain the first sentence by stating that it is intended to convey to plaintiffs 6/16 of the 1/8 mineral royalty. We agree with the contention of the plaintiffs that the instrument is ambiguous, and that the trial court properly permitted the introduction of .parol evidence in order to ascertain the intention of the parties with reference to the amount of royalty or mineral interest attempted to be conveyed. ·

In Carroll v. Bowen, 180 Okla. 215, 68 P. 2d 773, we said:

". . . where the reservation of 'royalty' specifies the exact amount of the production thereby contemplated, it is not ambiguous and must be construed in its strict sense, without the introduction of parol testimony. Being construed in its strict sense, it entitles the owner thereof to only that portion of the production definitely specified. It does not carry with it the right to bonus and rentals unless so stipulated, for the owners of this interest need not be made parties to the lease and are not entitled to any consideration therefor except which has been expressly agreed upon."

In that case the grantor reserved "an undivided one-half (1/2) interest in and to the royalty (the ordinary 1/8 ordinarily left the grantor in oil and gas leases being the royalty above referred to) in the above land," and the court held that the parenthetical clause made the description definite and certain, and vested in the grantees only the right to receive oil and gas when produced, and did not convey such a mineral interest as would entitle them to participate in the bonuses and rentals in the oil and gas leases that were thereafter made.

In the deed in controversy here the parenthetical clause specifies the exact amount of the production contemplated as being 6/16 of the 1/8 mineral royalty. But it further states that the grantor owns 1/8 of the minerals. If the 1/8 of the minerals referred to means the entire royalty interest, then Purcell could convey to plaintiffs 6/16 of such royalty. If, however, it refers to 1/8 of the mineral rights, he could only convey 2/16 of the royalty. If, as contended by defendants, the parenthetical clause means exactly the same thing as the preceding sentence, it is pure surplusage in the deed; does not in any way explain, modify, or amplify the interest granted in the preceding sentence, and might just as well have been omitted from the deed. In order to give it the effect contended for by defendants it must be construed, not in its restricted sense as stated in Carroll v. Bowen, supra, but in its broadest sense as a conveyance of a mineral interest only. We are unwilling to hold that it is of no effect other than as restating the amount of interest stated in the preceding sentence, which, standing alone, is plain and unambiguous.

The practice of using the word "royalty" to denote either an interest in the minerals, or an interest in the share of the 1/8 reserved to the landowner in an oil and gas mining lease, is a frequent cause of ambiguity in the conveyance of oil and gas or mineral interests. This is pointed out in Carroll v. Bowen, supra.

In Wilson v. Olsen, 167 Okla. 527, 30 P. 2d 710, the deed recited the payment of a consideration of $1 and an additional consideration of an undivided 1/3 interest in and to all of the royalty of the gas, oil and minerals and the rights thereto, and the grantor contended that this amounted to a reservation of a 1/3 interest in the oil and gas. We there held that the trial court properly permitted the introduction of evidence to show the intent of the parties on the theory that the deed was ambiguous. In that case we quoted from Rogers v. Kinney, 122 Okla. 73, 250 P. 890, as follows:

" 'A court of equity will look at the real object of a deed and the intention of the parties, and will compel the fulfillment of both, and, if possible, the intention of the grantor will be gathered from the whole instrument. If the intention of the parties to the deed is plain, parol evidence is not admissible to prove an intention different from the terms of the deed, but where a deed possesses an element of uncertainty, parol evidence, the admission of the parties, and other extraneous circumstances may be proved to ascertain its true meaning.' "

In Melton v. Sneed, 188 Okla. 388, 109 P. 2d 509, we held that a deed conveying "one-third (1/3) of all royalties from oil, gas or other minerals arising from or out of, or produced upon the said above described land" was ambiguous, and that the trial court properly permitted the introduction of evidence to ascertain whether the word "royalty" should be strictly construed to mean only an interest in the actual production, or given the broader construction as a conveyance of mineral interest rather than royalty only.

In the cases above referred to the tendency of the court was to construe the term "royalty" as used in its broad

sense when there was no oil or gas lease upon the property, and to use it in its restricted sense when it appeared that the property was leased for oil or gas. In the instant case the property was leased and the conveyance made subject to such lease. In such case, under the rule announced in the cases above cited, the trial court was justified in refusing to ignore the applicable rule of strict construction of the term "royalty", and in refusing to hold that the term was used in its broad sense in order to harmonize it with the preceding sentence, and make it of no force and effect whatever in the deed. Its action in permitting the introduction of parol evidence to enable it to ascertain the true intent of the parties was not erroneous.

The evidence introduced as to the amount of mineral interest which plaintiffs were to receive by the conveyance, while in conflict, was amply sufficient to sustain the trial court in holding that the parties intended by the conveyance that plaintiffs should receive an undivided 6/16 interest in the oil, gas and other minerals in and under said lands subject to the existing oil and gas lease. Plaintiffs testified that such was the agreement between them and their grantor, Bert A. Purcell, and their testimony was corroborated by their son, who was present at the negotiations between the parties, and by the attorney who drew the deed, who testified that Purcell assured the plaintiffs and the attorney that such clause sufficiently described an undivided 6/16 in the minerals subject to the oil and gas lease. Plaintiffs testified that they were not familiar with conveyances of oil and gas and other minerals; that they desired to have the exact number of acres of mineral interest which they were to obtain by the deed inserted in the deed, the parties having agreed that plaintiffs were to receive 15 acres of the mineral interests in the 40-acre tract. Defendant refused to put the number of acres in the deed, giving as his reason for such

refusal that the oil companies preferred fractions. The attorney who drew the deed heard all this conversation, understood the agreement, and upon the assurance of Purcell that the parenthetical clause sufficiently described 6/16 of the mineral interest, inserted said clause in the deed, and the deed was thereupon executed and delivered. So far as the record shows the attorney was not interested in the outcome of the action and was the only disinterested witness to testify.

We have carefully examined all the evidence contained in the record and from such examination are convinced that the judgment of the trial court was not clearly against the weight of the evidence.

Affirmed.

DAVISON, C.J., and WELCH, CORN, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., concurs in conclusion. HALLEY, J., dissents.

HALLEY, J. (dissenting). The sole question in this action is whether or not Purcell conveyed to the Thaxtons 6/16 of 1/8 of all the minerals under the land in question, or whether he conveyed 6/16 of all the minerals. In the deed before us, the granting clause provides clearly that the grantor is only conveying 6/16 of 1/8 of all oil, gas, and other minerals, and the parenthetical clause further says:

"It is understood that the first party owns 1/8 of the minerals in and under the above premises, and this instrument conveys to second parties 6/16 of the 1/8 of the mineral royalty."

This clause clearly indicated that the grantor only claimed to own 1/8 of the minerals, and that he was conveying to the grantees 6/16 of the 1/8 that he owned. It is plain to me that the grantor had no intention of conveying more than he had, when he said he owned 1/8 of the minerals, and did not mean to convey to the grantees more than he said he owned.

I see no ambiguity in this deed, nor is there any evidence of fraud in its execution. The plaintiffs had their lawyer assist in the preparation of the deed. The trial court was not at liberty to consider the evidence surrounding this transaction when the deed itself was not ambiguous, and where there was no evidence of fraud or deceit in the transaction. Parol evidence is not admissible to vary or add to the terms of a deed in the absence of such ambiguity, accident, fraud or mistake.

The majority opinion says that the deed was ambiguous, for the reason that the phrase "mineral royalty" was used. It is clearly apparent to me that the reason the grantor desired to have the parenthetical clause in the deed was to exclude any idea that he was claiming to have more than a 1/8 interest in all the minerals. At no time did Purcell own more than 1/2 of the minerals under this 40 acres. His grantors retained 20 acres of the royalty. To me, it would be very unusual for a grantor who only owned 1/2 of the minerals under a tract of land to use the expression "6/16 of 1/8 mineral royalty" if he intended to convey 6/16 of all the mineral rights. If he had intended to convey 15 acres of what he once owned, he would have said "3/4 of my 1/2" or "3/4 of my 1/16". It would be the most natural thing for a person under those circumstances, if he did intend to convey 6/16 of all the mineral rights, simply to say "6/16 of all the mineral rights". If he had not intended to limit it, why did he say, at the very beginning, that he only owned 1/8 of the minerals? Under the interpretation made by the majority opinion, when he said he owned only 1/8 of the minerals, he intended to say that he owned all of the mineral rights —this in the face of the fact that no one at any time has contended that Purcell had all the mineral rights under this 40 acres.

In my opinion, the weight of the evidence sustains the position of Purcell, the holding of the trial court and the majority opinion to the contrary notwithstanding. The evidence showed that at the time the deed was delivered to the Thaxtons, they took a receipt which showed that for their share of the annual rental of $1 an acre, or a total of $40, they received $1.87. In addition, Mrs. Thaxton testified that Mr. Purcell told the Thaxtons and their son, in the presence of Mr. Jennings, that he owned 20 acres of royalty; yet she wrote a letter to Mr. Purcell, signing Mr. Thaxton's name to it, in which the following statement was included:

"He left the impression that you were about to sell 16 a. to him of your share of the royalty."

How the Thaxtons could believe that they had 15 acres of the 20 acres Purcell owned, and yet that Purcell would have 16 acres left to sell, is more than I can understand.

The majority opinion takes the position that the attorney in the case was an unbiased witness. The fact remains that he examined the title to the property for the Thaxtons, and his testimony and demeanor on the stand showed his bias in favor of the Thaxtons. He knew that Purcell only had one-half of the royalty in the beginning; and it was the lawyer, not Purcell, who changed the clause that Purcell desired to have included in the deed, which was to clearly indicate that he only had, at the time of executing the deed, a 1/8 interest in the mineral rights under the property. It was the lawyer who put the words "mineral royalty" in the parenthetical clause, which brought about the alleged ambiguity in the deed —not Purcell.

The record clearly reveals that at the time Purcell conveyed this land to the Thaxtons, he did not have more than a 1/8 mineral interest. The fact that he later acquired some of the mineral rights that he had previously conveyed away before he deeded the property to the Thaxtons, does not mean the doctrine of after-acquired title should be applied to the interest of the

Thaxtons, because there is nothing in the instrument itself to show that he intended to convey any such interest to them. The undisputed fact remains that Purcell would not and did not sign a deed which said the Thaxtons' interest would be 15 acres. He knew he did not have 15 acres and was not deeding that many acres.

The majority opinion is wrong, first, in holding that the deed is ambiguous, and, second, it is against the weight of the evidence when the entire record is considered. I am forced to dissent.