Leslie G. COOK, Oliver Dee Cook, William M. Cook, Fern Cross, and Elma Forbes, Plaintiffs in Error,

v.

J. C. McCLELLAN, Marie Giblin, Roy Smaltz, and Ena Hudleston, Defendants in Error.

No. 37291.

Supreme Court of Oklahoma.

March 12, 1957.

Rehearing Denied May 14, 1957.

Moore & Fitzgerald, Stillwater, for plaintiffs in error.

Sterling N. Grubbs, Cushing, for defendants in error.

DAVISON, Justice.

This suit was instituted by the plaintiffs, Leslie G. Cook, Oliver Dee Cook, William M. Cook, Fern Cross and Alma Forbes, against the defendants, J. C. McClellan, Marie Giblin, Roy Smaltz and Ena Hudleston, whereby, they seek to quiet their title to the surface of, and an undivided $\frac{15}{16}$ oil and gas mineral interest in, a 160-acre quarter section of land in Payne County, Oklahoma. The parties will be referred to as they appeared in the trial court, being the same as that in which they here appear.

By general warranty deed, dated January 26, 1920, one O. A. Powers, as grantor, conveyed to one George A. Cook, as grantee, the entire fee-simple title to said tract of land except for the specific reservation therein of an undivided interest in the oil and gas. The issue involved herein is whether the reservation was of a mineral interest or of a strictly royalty interest. Plaintiffs here are the heirs of the grantee Cook, and their contention is that the reservation was a $\frac{1}{16}$ mineral interest, by reason of which defendants were entitled to only $\frac{1}{16}$ of the lessors' $\frac{1}{8}$ royalty from production. The defendants are the heirs of, and the successors to, the grantor, Powers, and their contention is that they are the owners of a net $\frac{1}{16}$ of all oil and gas produced, as a purely royalty interest. The trial court sustained defendants' motion and rendered judgment on the pleadings. The reservation contained in the Powers to Cook deed was as follows:

"Except the first party reserves to himself, his heirs or assigns an equal one sixteenth Royalty interest in all Oil, Gas or Mineral rights."

From that judgment plaintiffs have perfected this appeal.

The sole object of the litigation and the issue to be determined is the establishment of the intent of the contracting parties. That the deed and reservation is unambiguous has been stipulated. Therefore, in arriving at what was intended, we must look within the four corners of the instrument

and to the admitted facts alleged in the pleadings. The fact that the property was not under oil and gas lease at the time of the deed but was subsequently leased by an instrument executed by all parties, has a bearing on the matter. In the case of Purcell v. Thaxton, 202 Okl. 612, 216 P.2d 574, 576, and other cases therein cited, it was pointed out that "the tendency of the court was to construe the term 'royalty' as used in its broad sense when there was no oil or gas lease upon the property, and to use it in its restricted sense when it appeared that the property was leased for oil and gas."

In the case of Wilson v. Olsen, 167 Okl. 527, 30 P.2d 710, 711, the fact that the property was not under oil and gas lease was considered in connection with the additional feature that the reservation was described as being of the "rights thereto" (referring to a reservation in the conveyance "of an undivided one third (⅓) interest in and to all of the royalty of the gas, oil and mineral and the rights thereto"). It was therein said that

"Had the words 'and the rights thereto' been omitted, it might be logically concluded that the reservation referred to 'royalty' taken in a strict sense, and as defined by Webster's New International Dictionary as, 'a share of the product or profit reserved by the owner for permitting another to use the property,' and as defined in the various judicial pronouncements cited by plaintiff in error. The addition, however, of the words, 'and the rights thereto,' must either be construed as a mere repetition, or as referring to gas, oil, and mineral rights. And the suggestion that it referred to gas, oil, and mineral rights is the more pronounced by reason of the fact that at the time of the execution of the deed there was no oil and gas lease on the property, and at that time, at least in the strict sense, there were no royalty rights to reserve or deal with in any manner."

Many years later, in discussing the Wilson case, supra, we said, in the case of Pease v. Dolezal, 206 Okl. 696, 246 P.2d 757, 761, that,

"It is also noteworthy that in his conveyance to Dolezal, Pease reserved the right to enter upon the lands and develop them for and produce oil and gas. The retention of such rights, that is the right to enter upon and develop, and the right to lease for oil and gas, are incompatible with the reservation of a pure royalty interest.

"In the instant case, as pointed out in Wilson v. Olsen, 167 Okl. 527, 30 P.2d 710, there was at the time of the conveyance by Pease no oil and gas lease upon the property, and in a strict sense there were no royalty rights to reserve or deal with in any manner."

More recently in the case of Surety Royalty Co. v. Sullivan, Okl., 275 P.2d 259, 263, this court was again considering a similar phrase and emphasized that,

"When the conveyance is of royalty it is of something after the 'rights thereto' have been exercised and by using those words in the conveyance they 'must either be construed as a mere repetition or as referring to gas, oil and mineral rights.' Wilson v. Olsen, 167 Okl. 527, 30 P.2d 710, 713."

As pointed out above, the interest that was reserved in the case at bar was in "all oil, gas, or mineral rights." Such description brings the case squarely within the rules and reasoning of the above cited and quoted cases.

Turning attention to the other portion of the descriptive clause, namely, "an equal ⅟₁₆ royalty interest in all oil, etc." (remainder as above), the rules of interpretation have also been rather well established. Particularly is this true as to the use of the words, "royalty" or "royalties." In the cases of Wilson v. Olsen, supra, and Burns v. Bastien, 174 Okl. 40, 50 P.2d 377, the respective reservations were held to be of "mineral interest," the term "royalty" be-

ing used in its broad sense to describe them. "That the word is frequently used in this State to denote an interest in the mineral rights is a matter of common knowledge." Melton v. Sneed, 188 Okl. 388, 109 P.2d 509, 513. The trial court was in error in interpreting the description of the interest reserved as consisting of a purely royalty interest. Under the rules heretofore adopted in this jurisdiction the interest reserved was an undivided $\frac{1}{16}$ mineral interest entitling the defendants to a $\frac{1}{16}$ of the $\frac{1}{8}$ royalty payable by the lessee out of all oil produced from the premises.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiffs in harmony with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and JOHNSON, BLACKBIRD and JACKSON, JJ., concur.

HALLEY, WILLIAMS and CARLILE, JJ., dissent.