Robert J. CONNAGHAN,
Appellant (Plaintiff),

v.

EIGHTY–EIGHT OIL COMPANY, a Wyoming General Partnership, Walter Guion, an individual, Walter Guion, d/b/a Preferred Energy Properties, Barbara Guion, a minor, by her Guardian in Fact, Walter Guion, d/b/a Preferred Energy Properties, Appellees (Defendants).

No. 87–218.

Supreme Court of Wyoming.

March 8, 1988.

E. James Burke and Rhonda Sigrist Woodard, of Hanes, Burke and Woodard, P.C., Cheyenne, for appellant.

John J. Blomstrom, Casper, for appellee 88 Oil Co.

William N. Heiss, Casper, for appellees Walter Guion, Preferred Energy Properties and Barbara Guion, and R. Stanley Lowe, Casper.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This appeal involves an ownership dispute over an overriding royalty interest in an oil and gas lease. The trial court ordered summary judgment favoring appellees, Eighty–Eight Oil Company (88 Oil), Walter Guion individually, as Guardian for Barbara Guion (Guions) and d/b/a Preferred Energy Properties (Preferred), based solely on the doctrine of adverse possession. Appellant Robert J. Connaghan presents three issues:

"1. Did the trial court err in granting the Motion For Summary Judgment of

Defendants, Walter Guion, Barbara Guion and Preferred Energy Properties and in finding they had proven a taking of Plaintiff's overriding royalty interest by adverse possession?

"2. Did the trial court err in failing to grant Plaintiff's Motion For Summary Judgment for payments due him pursuant to his 1¼% overriding royalty interest in the Oil and Gas Lease No. 0–14677–A?

"3. Is Plaintiff entitled to interest of 18% per annum on the payments due him and to attorney's fees under W.S. Section 30–5–303?"

We reverse on the issue of adverse possession and remand the remaining issues for further proceedings.

Appellant claims a 1¼ percent overriding royalty interest in State Lease No. 0–14677A concerning the:

SE¼, SE¼, Section 36–35N, 89W, 6th P.M., Natrona County, Wyoming, Raderville Field.

Appellant received the overriding royalty in a July 1, 1955, assignment from a Mr. Frank Gallivan. This assignment was never filed in the Natrona County Clerk's office, and, although it apparently was approved by the Wyoming Commissioner of Public Lands on December 9, 1955, is not presently on file in that office. Despite this lack of filings and/or records the origin of appellant's royalty interest has been traced using microfilm of the range cards in the Public Lands office and other records.

Frank M. Gallivan was the original lessee on State Lease No. 0–12028 covering all of Section 36, 89W, 6th P.M., issued on January 16, 1952. Gallivan assigned the lease to a Mr. Gerald T. Tresner on January 22, 1953, reserving a 2½ percent overriding royalty. Tresner assigned the lease, subject to Gallivan's override, to the Chicago Corporation (Chicago) and the Republic Natural Gas Company (Republic) on January 28, 1953, reserving an additional 1 percent overriding royalty for himself. After other assignments not relevant to this case, State Lease No. 0–12028 was reissued as State Lease No. 0–14677, effective January

28, 1953, with Chicago and Republic as lessees. On June 30, 1959, Chicago (now Champlin Oil and Refining Co.) and Republic assigned their interest in the SE¼, SE¼, Section 36–35N, 89W, 6th P.M. to Red Hill Uranium Company (Red Hill). The assignment took place expressly subject to the 2½ percent overriding royalty reserved by Gallivan in the January 22, 1953, assignment between Gallivan and Tresner. The State then segregated the remaining lands in lease No. 0–14677 and reissued Red Hill's lease as State Lease No. 0–14677A on June 30, 1959. The January 16, 1952–January 16, 1962, serial register page for lease No. 0–14677A lists appellant as the owner of a 1.25 percent overriding royalty.

Lease No. 0–14677A was then assigned by Red Hill to a Mr. Stanley Stringham on January 30, 1960. Stringham assigned the lease to New Era Oil & Gas Company (New Era) on July 28, 1960. New Era assigned the lease to Dynamic Industries, Inc. on January 22, 1967. All of these assignments expressly excepted any outstanding royalty interests.

Dynamic was sued in 1976, and after judgment was entered the lease was placed into receivership. The receiver published notice to creditors of Dynamic and New Era in the Casper Star–Tribune, requesting submission of claims. Appellant did not file a claim pursuant to this notice.

The well on the lease was shut-in from 1977 through 1981 by order of the Wyoming Oil and Gas Conservation Commission. The present owners of the lease, the Guions and Preferred, took their interest by an assignment from the receiver dated November 30, 1981.

88 Oil has been the purchaser of production from the lease since July 1, 1982, succeeding to the rights of the Permian Corporation of Texas under a March 1, 1983, Division Order. 88 Oil has made all payments under the Division Order to Preferred.

The record indicates that appellant received one royalty check for $79.79 in January of 1958 for production from 1955 and 1956. Other than that payment, however,

appellant does not appear to have received any return on the royalty. Also of interest in the record is a 1971 letter written by Mr. Gallivan on behalf of himself and appellant to Dynamic, acknowledging appellant's knowledge that the lease was producing, and requesting an accounting.

The next action taken by appellant was this lawsuit. On November 21, 1986, he filed a complaint in district court alleging ownership of the 1¼ percent overriding royalty and praying for an accounting, payment and interest and attorney's fees. 88 Oil answered and counterclaimed for interpleader and indicated that it had suspended payment attributable to a 1¼ percent royalty until the matter was settled. The Guions and Preferred answered denying the allegations and alleging defenses of statute of limitations (see, e.g., *Young v. Young*, Wyo., 709 P.2d 1254 (1985)), adverse possession, laches, application of recording statutes, collateral estoppel, waiver and/or res judicata under the earlier civil action involving Dynamic.

The Guions and Preferred moved for summary judgment stressing adverse possession, statute of limitations, res judicata and laches as potential bases for their motion. Appellant also moved for summary judgment alleging ownership of the royalty. Both motions were submitted with affidavits and accompanying documentation.

Hearing on the motions took place on May 22, 1987. On June 4, 1987, the trial court filed a decision letter granting summary judgment in favor of the Guions, Preferred and 88 Oil. The sole basis given for summary judgment was the doctrine of adverse possession. Judgment was entered on July 23, 1987, and this appeal followed.

█ We review an order of summary judgment using the same evidence and in the same light as the trial court. *England v. Simmons*, Wyo., 728 P.2d 1137, 1141 (1986). A motion for summary judgment places an initial burden on the movant to make a prima facie showing that no genuine issue of material fact exists and that summary judgment should be granted as a matter of law. Rule 56(c), Wyoming Rules of Civil Procedure; *England v. Simmons*, supra. Once a prima facie showing is made, the burden shifts to the party opposing the motion to present specific facts showing that a genuine issue of material fact does exist. Challenges to a summary judgment order are analyzed in a light most favorable to the party opposing the motion giving him all favorable inferences that can be drawn from the facts. *England v. Simmons*, supra.

Title to real property can be acquired by adverse possession when a claimant carries his burden to prove

"' * * * actual, open, notorious, exclusive and continuous possession of another's real property for the statutory period, which possession must be hostile, and under a claim of right or color of title. [Citation.]' *Rutar Farms and Livestock, Inc., v. Fuss*, Wyo., 651 P.2d 1129, 1132 (1982)." *Miller v. Stovall*, Wyo., 717 P.2d 798, 804 (1986).

The statutory period in Wyoming is ten years. § 1–3–103, W.S.1977.

█ At the heart of every claim based on adverse possession lies the claimant's assertion of ownership of an interest in real property through *actual possession*. *Miller v. Stovall*, supra. A person can only undertake actual possession of an interest in real property if the interest is *possessory* or related to the land in such a way that it can be actually possessed. See 1 E. Kuntz, Oil & Gas Law, § 10.5, p. 276 (1987); and *Koontz v. Town of Superior*, Wyo., 746 P.2d 1264, 1267 (1987). A possessory interest in real property is defined as an interest giving its owner:

"(a) a physical relation to the land of a kind which gives a certain degree of physical control over the land, and an intent so to exercise such control as to exclude other members of society in general from any present occupation of the land; or

"(b) interests in the land which are substantially identical with those arising when the elements stated in Clause (a) exist." Restatement of Property § 7, p. 19 (1936).

The interest allegedly possessed adversely in this case is an overriding royalty carved out of the lessee's working interest in an oil and gas lease. We defined this type of interest in *Cities Service Oil Company v. Pubco Petroleum Corporation,* Wyo., 497 P.2d 1368, 1372 (1972), when we said:

> "The term 'overriding royalty' has been defined in numerous judicial opinions as an interest in oil and gas production at the surface, free of the expense of production, and in addition to the usual land owner's royalty reserved to the lessor in an oil and gas lease. As stated in 2 Williams and Meyers, Oil and Gas Law, § 418.1, p. 341: An overriding royalty is, first and foremost, a 'royalty interest.'"

See also *Picard v. Richards,* Wyo., 366 P.2d 119, 122 (1961). We have long held an overriding royalty to be an interest in real property. *McGinnis v. McGinnis,* Wyo., 391 P.2d 927, 929 (1964); *Dame v. Mileski,* 80 Wyo. 156, 340 P.2d 205, 208–209 (1959); *Denver Joint Stock Land Bank of Denver v. Dixon,* 57 Wyo. 523, 122 P.2d 842, 849, 140 A.L.R. 1270 (1942). Cf. *Cosgrove v. Young,* 230 Kan. 705, 642 P.2d 75, 87 (1982).

 The remaining question in this case then, is whether an overriding royalty is a possessory interest subject to the doctrine of adverse possession. We hold that it is not.

In *Picard v. Richards,* supra, at 122, we cited language from *Arnold v. Ashbel Smith Land Company,* Tex.Civ.App., 307 S.W.2d 818, 825 (1957), in which the Texas court described a nonparticipating (noncost sharing) royalty interest as

> " ' * * * *nonpossessory* in that it does not entitle the owner to produce the minerals himself, or permit him to join in leases of the mineral estate to which the royalty is appurtenant * * *. It merely entitles the owner to a share of production under [the] lease free of expense of exploration and production * * *.' "

(Emphasis added.)

We adopt that language in this case and also look to 2 H. Williams and C. Meyers, Oil and Gas Law, § 418.1, p. 346 (1986),

where the authors describe an overriding royalty by stating:

> "Although an interest in land, it is clearly· *nonpossessory,* and hence the owner is not entitled to possessory remedies * * *." (Emphasis added.)

The overriding royalty interest in this case is no different. It is a nonpossessory right arising out of the lessee's working interest in the lease. It cannot be possessed adversely. *Portwood v. Buckalew,* Tex.Civ. App., 521 S.W.2d 904, 919 (1975); *Saunders v. Hornsby,* Tex.Civ.App., 173 S.W.2d 795, 797 (1943); 1 H. Williams and C. Meyers, Oil and Gas Law, § 224.2, p. 358 (1986).

Summary judgment in this case was improper as a matter of law. Reversed and remanded for further proceedings consistent with this opinion.